UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| FRANK J. HAWTHORNE, | ) |
| Petitioner, | ) Case No. 1:07-cv-287 |
| v. | ) Honorable Robert Holmes Bell |
| CAROL HOWES, | ) **MEMORANDUM OPINION** |
| Respondent. | ) |

This matter is before the court on petitioner's objections to the report and recommendation of the magistrate judge. Acting pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the magistrate judge reviewed the habeas corpus petition and recommended that the petition be denied, as it plainly appears that petitioner is not entitled to habeas corpus relief. The magistrate judge concluded that the single claim of instructional error was not meritorious and did not entitle petitioner to a writ of habeas corpus overturning his conviction for second-degree murder. This court reviews objections to a report and recommendation *de novo*. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

Petitioner's sole claim for habeas corpus relief is that the trial court wrongfully denied him a jury instruction on his claim of accidental shooting. It was undisputed at trial that petitioner pulled a gun during an argument with the decedent and pressed the barrel of the gun into the decedent's chest. The gun discharged, and the victim fell to the floor dead. At trial, petitioner's defense was that the shooting was "an accidental shooting of a friend over a struggle of a gun."

(Petition at 2, docket # 1). The trial court refused petitioner's request to give the standard criminal jury instruction on accidental death. On direct appeal, the Michigan Court of Appeals determined that this instructional error did not infringe on any federally guaranteed right, but that it did constitute an error of state law requiring reversal and a new trial. *People v. Hawthorne*, 692 N.W.2d 879 (Mich. Ct. App. 2005). The state Supreme Court reversed, finding that a court's failure to instruct on accident does not require automatic reversal, but that a defendant must show that the instructional error probably affected the outcome of the case. Reviewing the record, the Supreme Court held that the trial court's error was harmless, as the jury instructions explaining the intent element for second-degree murder made it clear that a finding of accident would be inconsistent with a finding that defendant possessed the intent required for murder. *People v. Hawthorne*, 713 N.W.2d 724, 730 (Mich. 2006).

Petitioner asserts in this court that the instructional error entitles him to a writ of habeas corpus overturning his conviction for second-degree murder. In reviewing the petition, the magistrate judge correctly concluded that the decision of the Michigan Court of Appeals on this constitutional issue is entitled to deference under the Antiterrorism and Effective Death Penalty Act (AEDPA). Under AEDPA, if a state appellate court directly reviews a claim of constitutional error, that decision may only be overturned if it was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). In the present case, the state Court of Appeals directly analyzed petitioner's claim that the trial court's instructional error infringed federally guaranteed rights. 692 N.W.2d at 884 n.3. Where, as here, the state courts have actually considered a federal claim, the habeas court is limited

to determining whether the state court's decision is objectively unreasonable in light of clearly established Supreme Court holdings.  *See Williams v. Taylor*, 529 U.S. 362, 412 (2000).

In conducting this deferential review under AEDPA, the magistrate judge analyzed petitioner's claim under two separate, but related constitutional principles.  First, a claim that a jury instruction was allegedly incorrect under state law is generally "not a basis for habeas relief."  *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991).  The only due-process question for the habeas court is whether "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process."  *Id.* at 72.  Because the instructional error allegedly affected a defense, the magistrate judge also analyzed a defendant's due-process right to establish a defense, as explicated in numerous Supreme Court and Sixth Circuit cases.  (Report and Recommendation at 10-11, docket # 8).  Under these authorities, it is not sufficient to merely establish an instructional regarding an alleged defense.  Rather, a habeas petitioner must show that the error rendered the trial fundamentally unfair.

The court has reviewed *de novo* petitioner's contentions concerning the violation of his due-process rights under both lines of authority.  The court concurs with the magistrate judge that the jury was properly instructed concerning the elements of second-degree murder and that the requested jury instruction, which briefly outlines the claim of accidental death, would not have added any substantial clarity to the instructions.  Under Michigan law, the *mens rea* required for second-degree murder is either an intent to kill, an intent to inflict great bodily harm, or a wilful and wanton disregard of a very high risk of death or serious injury.  *See People v. Dykehouse*, 345 N.W.2d 150, 151 (Mich. 1984).  The jury was so instructed in the present case.  As the magistrate judge correctly pointed out, the contention that a death was accidental is really not a "defense" at all, but merely

constitutes a denial that a criminal defendant acted with the required *mens rea*. In his objections, petitioner fails to perceive the difference between a true defense and an assertion that the prosecution has failed to meet its burden of proof on the elements of the offense. Calling accident a "defense" amounts to a colloquialism. It is no more a "defense" than is an argument that the defendant is the victim of mistaken identity and that someone else perpetrated the crime. Misidentification is not a "defense" but is merely an assertion that the prosecution has failed in its burden of proving beyond a reasonable doubt that the defendant was the perpetrator. Consequently, by refusing to deliver Michigan Standard Jury Instruction 16.5, the trial court did not in any way impede petitioner's federal right to present any defense. The jury was at all times cognizant of its obligation to find the requisite *mens rea*. If they truly believed that petitioner's discharge of the gun was accidental, the jury could not have found him guilty of second-degree murder, and no further instruction was necessary to make this clear.

After *de novo* review of petitioner's objections, the court concludes that the analysis of the magistrate judge was correct and that the trial court's mere failure to deliver a standard state jury instruction neither abridged petitioner's due-process rights nor interfered with his right to present a defense. Petitioner's objections will therefore be overruled, and the court will enter judgment denying the petition on its merits. The court will also deny a certificate of appealability under 28 U.S.C. § 2253(c), the court finding that reasonable jurists would not conclude that the petition has arguable legal merit. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Date:   June 11, 2007           /s/ Robert Holmes Bell
                                ROBERT HOLMES BELL
                                CHIEF UNITED STATES DISTRICT JUDGE